UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NATALIE HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:14-cv-1985 |
| | ) | Judge Aleta A. Trauger |
| | ) | |
| CITY OF DICKSON OF THE STATE OF | ) | |
| TENNESSEE, and CITY OF DICKSON | ) | |
| MUNICIPAL COURT CLERK'S OFFICE, | ) | |
| AN AGENCY OF DICKSON COUNTY, TN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The defendant City of Dickson, Tennessee ("Dickson") has filed a Motion for Partial Dismissal and Summary Judgment (Docket No. 16), to which the plaintiff, Natalie Holt, has filed a Response in Opposition (Docket No. 22), and Dickson has filed a Reply (Docket No. 24). For the following reasons, the motion will be granted in part and denied in part.

## FACTS AND PROCEDURAL HISTORY[1]

The plaintiff, Natalie Holt, is a black woman who resides in the City of Dickson, Tennessee. She was employed by Dickson as a clerk in the Municipal Court Clerk's Office from March 2000 through September 2013. In this action, Ms. Holt alleges that Dickson

---

[1] Unless otherwise noted, the facts recounted in this section are drawn primarily from Dickson's Statement of Undisputed Facts (Docket No. 19), Ms. Holt's response thereto (Docket No. 23), and the Equal Employment Opportunity Commission documents attached to Dickson's Notice of Filing in support of its motion, which Ms. Holt has not contested (Docket No. 18). This section also contains facts from Dickson's Motion for Partial Dismissal and Summary Judgment and Memorandum of Law in support thereof (Docket Nos. 16 and 17), Ms. Holt's Response Memorandum (Docket No. 22), and Dickson's Reply (Docket No. 24), that are not refuted or contradicted by the opposing party or the record.

1

discriminated against her on the bases of age and race in failing to promote her to the position of Deputy Court Clerk and terminated her from her position in retaliation for her filing of a complaint with the Equal Employment Opportunity Commission ("EEOC") regarding these allegations.

Ms. Holt filed her first charge with the EEOC on May 28, 2013 ("May 2013 Charge"), claiming that Dickson had discriminated against her in a promotion decision because of her race and age. In the May 2013 Charge, Ms. Holt alleged that, despite officially holding the position of clerk, she had been performing the duties and responsibilities of Deputy Court Clerk for the previous two years, and she had expected to be formally promoted into that position and to receive an associated raise in pay. She further alleged, however, that on May 17, 2013, the Municipal Court Clerk informed Ms. Holt that the Deputy Clerk title and position had been given to someone else because the employee being promoted was a "better fit." (Docket No. 18-1 (May 2013 Charge).) At the time she was allegedly passed over for promotion, Ms. Holt was fifty-one years old, and the position had been given to a younger, white candidate who Ms. Holt alleges had no previous training or experience and less seniority than Ms. Holt. On August 28, 2013, the EEOC mailed Ms. Holt a Dismissal and Notice of Rights letter, informing Ms. Holt that it was dismissing the May 2013 Charge and that she had 90 days to file suit in federal or state court. Ms. Holt admits that she was issued the dismissal of the May 2013 Charge, and she has not claimed that she lacked knowledge or notice of its contents.

Ms. Holt alleges that, after she filed the May 2013 Charge, her superiors and coworkers subjected her to a hostile work environment, and she was unfairly held to a different and more rigorous standard than her coworkers with regard to her work. As a result, Ms. Holt claims that she experienced mental and emotional suffering to such an extent that she had to seek treatment

by a mental health professional and take a significant period of time off of work. Furthermore, Ms. Holt contends that she was in such a poor emotional condition that she was mentally incapacitated and, therefore, incapable of conducting her normal business or appreciating the legal significance of filing a lawsuit. Beyond Ms. Holt's arguments in her briefing, the record is devoid of any evidence regarding the nature or length of Ms. Holt's alleged mental "incapacitation."

On September 25, 2013, Ms. Holt was discharged from the Court Clerk's Office. On November 13, 2013, Ms. Holt filed a Charge of Discrimination against the City of Dickson with the EEOC ("November 2013 Charge"), alleging that, after she filed the May 2013 Charge, she was subjected to a hostile work environment and then terminated in retaliation for engaging in protected activity under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* On July 18, 2014, the EEOC mailed Ms. Holt a second Dismissal and Notice of Rights letter, informing her that the EEOC was dismissing the November 2013 Charge and that she had 90 days to file suit in a federal or state court. Ms. Holt admits that she was issued the dismissal of the November 2013 Charge, and she has not claimed that she lacked knowledge or notice of its contents.

On October 16, 2014, over a year after she was discharged, Ms. Holt filed suit against Dickson County and the Dickson Municipal Court Clerk's Office. (Docket No. 1.) With the court's leave, Ms. Holt filed an Amended Complaint (the "Complaint") on November 13, 2014, correcting Dickson's name in the caption.[2] Ms. Holt asserts the following claims against

---

[2] The initial Complaint originally named as defendants "Dickson *County*, a county of the State of Tennessee, [and] Dickson *County* Municipal Court Clerk's Office, an agency of Dickson *County*, TN." (Docket No. 1 (emphases added).) The Amended Complaint changed the caption to name as defendants "*City* of Dickson of the State of Tennessee, [and] *City* of Dickson Municipal Court Clerk's Office, an agency of Dickson *County*, TN." (Docket No. 5 (emphases

3

Dickson: (1) violation of rights guaranteed under Title VII based upon discrimination and retaliation; (2) violation of rights guaranteed under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, on the basis of age; (3) deprivation of constitutional rights under 42 U.S.C. § 1983;[3] and (4) violation of rights guaranteed under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.* (Docket No. 5.) On April 14, 2015, Dickson filed an Answer. (Docket No. 13.)

---

added).) The City of Dickson is the correct party in interest, as agreed to by the parties, but Ms. Holt apparently overlooked the need to change the designation of the Municipal Court Clerk's Office from "an agency of Dickson *County*, TN" to "an agency of the *City* of Dickson, TN." In light of allegations in the *body* of the Complaint identifying the Court Clerk's Office as "an agency of the City of Dickson, Tennessee," and stating that, in her position at the Court Clerk's Office, Ms. Holt "worked for the City of Dickson," the court will assume that the captioning is mere oversight on Ms. Holt's part and that she concedes that the Court Clerk's Office is an agency of the city, and not the county. (*Id.*)

Of the two defendants, the City of Dickson is the only real party in interest. Courts in this district have held that, under Federal Rule of Civil Procedure 17(b), agencies of municipal or county governments are not entities which have the capacity to sue or be sued unless otherwise provided by the law of the state in which the entity was organized. *See, e.g.*, *DeSoto v. Bd. of Parks & Recreation*, 64 F. Supp. 3d 1070, 1082 (M.D. Tenn. 2014); *CP ex rel. Powell v. Alcoa Police Dep't*, No. 3:10-cv-197, 2010 WL 2698290, at *2 (E.D. Tenn. July 6, 2010); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (concluding that, under Ohio law, "a county sheriff's office is not a legal entity capable of being sued"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting that the county police department is "not an entity which may be sued," and that the county itself is the proper party in such a case). The Dickson City Charter, of which this court takes judicial notice, does not contain any language suggesting that the Municipal Court Clerk's Office is an entity that is capable of suing or being sued. *See* 2000 Tenn. Priv. Acts 526 (Chapter No. 160 – Charter of the City of Dickson). The only real party in interest in this suit, therefore, is the City of Dickson.

[3] The exact nature of the constitutional rights which Ms. Holt claims were violated is unclear from the Complaint. The court will construe the § 1983 claim to relate to (1) the discriminatory conduct giving rise to the May 2013 Charge and (2) the retaliatory conduct giving rise to the November 2013 Charge.

On April 14, 2015, Dickson sought, and obtained, the court's leave to file a motion for partial dismissal and summary judgment (Docket Nos. 14 and 15), which it then filed on April 24, 2015 (Docket No. 16). Ms. Holt filed her Response on May 24, 2015 (Docket No. 22),[4] and Dickson filed its Reply on June 5, 2015 (Docket No. 24). Dickson's motion, which argues that certain of Ms. Holt's claims are time-barred, is styled as one for partial dismissal under Rule 12 and for summary judgment under Rule 56.[5]

## SUMMARY JUDGMENT STANDARD[6]

Federal Rule of Civil Procedure 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant

---

[4] With her Response Memorandum, Ms. Holt also filed her Response to Dickson's Statement of Undisputed Material Facts. (Docket No. 23.) Beyond this, Ms. Holt did not file any additional material, such as a statement of material facts that are in dispute, an affidavit, prior testimony, or documentary evidence.

[5] Despite stating in its motion that, "[u]nder Rule 12 Fed. R. Civ. P., the City submits that the Amended Complaint fails to properly allege" Ms. Holt's various claims, Dickson does not raise any arguments about the sufficiency of Ms. Holt's allegations and claims other than those relating to their timeliness. The court therefore construes this motion for *partial* dismissal and summary judgment to concern only whether Ms. Holt's various claims are time-barred and not whether the allegations in the Complaint are sufficient to state a claim for relief (arguments which the parties have not briefed).

[6] In their briefings regarding the running and tolling of the relevant statutes of limitation, both Dickson and Ms. Holt rely upon facts not found in the pleadings. Accordingly, the court will treat all arguments as if raised in the context of a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . ."). This approach is consistent with the Sixth Circuit's practice of holding that "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013).

shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

## ANALYSIS

### I.     Certain of Ms. Holt's Claims are Time-Barred

Ms. Holt's claims under Title VII and the ADEA that relate to the discrimination alleged in her May 2013 Charge are time-barred. A Title VII or ADEA plaintiff must bring suit within ninety days of receiving the notice of dismissal of her suit from the EEOC. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Within the Sixth Circuit, there is a rebuttable presumption that "the ninety-day limitations term begins running[] on the fifth day following the EEOC's mailing of a[ dismissal] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration . . . ." *Graham-Humphreys v. Memphis*

*Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). The record contains no evidence establishing when Ms. Holt received the dismissals of the May 2013 and November 2013 Charges, and she has not presented any arguments rebutting the presumption that she received them within five days of their issue. The court therefore concludes that the ninety-day limitations periods began running five days after the dates on which the dismissals of the May 2013 and November 2013 Charges were issued.

It is undisputed that the May 2013 Charge was subject to a dismissal issued on August 28, 2013. Yet Ms. Holt did not file this action until October 16, 2014, over a year after that dismissal was issued. Ms. Holt's Title VII and ADEA claims relating to the discrimination alleged in the May 2013 Charge are, thereby, time-barred, and the court will grant summary judgment to Dickson on those claims. Ms. Holt's claims under Title VII and the ADEA which relate to the retaliation alleged in her November 2013 Charge, however, are not time-barred. It is undisputed that the November 2013 Charge was subject to a dismissal issued on July 18, 2014 and that Ms. Holt filed her suit on October 16, 2014, which is 90 days later and, therefore, within the limitations term. The court, therefore, will not grant summary judgment to Dickson on Ms. Holt's Title VII and ADEA claims relating to the November 2013 Charge.

All of Ms. Holt's claims under the THRA and § 1983 are barred by one-year statutes of limitation. Tenn. Code Ann. § 4-21-311(d) (one year statute of limitations for the THRA); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (stating that § 28-3-104(a) of the Tennessee Code provides a one-year limitations period for actions under § 1983). The filing of an EEOC charge does not toll the statute of limitations on THRA or § 1983 claims. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001) (stating that the one-year statute of limitations on a THRA claim is not tolled by the filing of administrative claims with the EEOC);

*Carver v. U-Haul Co.*, 830 F.2d 193, 1987 WL 44437, at *1 (6th Cir. Oct. 2, 1987) (unpublished) (noting that the Supreme Court has ruled that the filing of an EEOC claim does not toll the statute of limitations on related civil rights actions, including those brought under § 1983 (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454 (1975))). Ms. Holt's discrimination claim is premised on Dickson's alleged failure to promote her in May of 2013, and her retaliation claim is based on being discharged from her job on September 25, 2013. At the very latest, therefore, the one-year statutes of limitation began running on September 25, 2013, the last alleged instance of discriminatory or retaliatory conduct. The one-year statute of limitation was not tolled while Ms. Holt pursued her complaints with the EEOC and, therefore, ran continuously. Ms. Holt's claims were not filed until October 16, 2014, which is over one year after her discharge, and her claims under the THRA and § 1983 are accordingly time-barred. For this reason, the court will grant summary judgment to Dickson on Ms. Holt's THRA and § 1983 claims.

## II.     Ms. Holt Is Not Entitled to Equitable Tolling

Ms. Holt's argument that she is entitled to equitable tolling of all limitations periods is without merit.[7] The standard for the application of equitable tolling is high, and the doctrine is only to be invoked sparingly. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Graham-Humphreys*, 209 F.3d at 560–61. The Sixth Circuit has consistently held that, "in determining whether the equitable tolling of the EEOC filing period is appropriate in a given case," the court must consider and balance these five factors: (1) the plaintiff's lack of actual

---

[7] The limitations periods on all of Ms. Holt's claims are subject to equitable tolling, including the statutory ninety-day filing requirements under Title VII and the ADEA. *See Burzynski v. Cohen*, 264 F.3d 611, 619–20 (6th Cir. 2001); *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646–47 (6th Cir. 1998).

8

notice of the filing requirement, (2) the plaintiff's lack of constructive knowledge of the filing requirement, (3) the plaintiff's diligence in pursuing his rights, (4) the absence of prejudice to the defendant, and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001); *accord Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007).[8] These five factors are not comprehensive, nor is each factor relevant in all cases. *Graham-Humphreys*, 209 F.3d at 561.

Ms. Holt bears the burden of demonstrating that equitable tolling applies to her case, *see Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), but she has submitted no admissible evidence to support her claim. In looking to the five factors typically considered in equitable tolling cases, it is clear that none of them weighs in favor of granting equitable tolling relief in this case. Ms. Holt does not claim to have lacked knowledge or notice of the filing requirement, nor has she claimed to be ignorant of the 90 day requirement for filing suit based on her complaints to the EEOC. And, while it may not be entirely clear that granting equitable tolling relief in this action would be prejudicial to Dickson, the Supreme Court has held that this factor alone is not a

---

[8] In their briefing, the parties reference Tennessee state law standards on equitable tolling rather than these federal law factors. (*See* Docket No. 24 at pp. 1–2.) While federal courts "generally refer[] to state law for tolling rules" when reviewing state law claims and federal claims that borrow a statute of limitations from state law, it appears that the federal standard applies to Ms. Holt's Title VII and ADEA claims. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *accord Hardin v. Straub*, 490 U.S. 536, 538–44 (1989). Regardless of whether the court applies state or federal principles, however, the outcome of the analysis is the same. Under Tennessee law, which applies to Ms. Holt's THRA and § 1983 claims, Ms. Holt would be entitled to tolling if she were incapacitated, meaning that she was "either under eighteen (18) years of age, or adjudicated incompetent . . . ." Tenn. Code Ann. § 28-1-106. Ms. Holt has not presented any evidence, or even made any arguments, suggesting that she has been "adjudicated incompetent." Ms. Holt has thus failed to demonstrate a genuine dispute of fact as to whether, even under Tennessee law, she was so mentally incapacitated as to be entitled to equitable tolling.

9

sufficient basis for equitable tolling. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

The court's inquiry must, therefore, focus on an examination of Ms. Holt's diligence in pursuing her rights. Based on the undisputed facts, the court cannot conclude that Ms. Holt was diligent in the pursuit of her rights related to the May 2013 Charge. Ms. Holt has failed to allege that, between August 28, 2013 – when she received the dismissal of the May 2013 Charge from the EEOC – and October 16, 2014 – when she filed this suit – she took any step in the pursuit of her rights relating to Dickson's decision not to promote her. During this time, however, Ms. Holt *did* diligently pursue her rights related to her termination by filing the November 2013 Charge and then filing this suit within 90 days of receiving the EEOC's dismissal of that charge. Ms. Holt's diligence in pursuing her other claims only highlights her lack of diligence in pursuing her rights relating to Dickson's failure to promote her.

Ms. Holt asserts that the doctrine of equitable tolling should be applied because she was emotionally and mentally incapacitated while the limitations periods were running. The Sixth Circuit has not ruled on the issue of whether equitable tolling is applicable where a plaintiff claims that her mental distress prevented her from filing within Title VII and ADEA limitations periods, but it has allowed such arguments in the context of habeas petitions. *See Ata v. Scutt*, 662 F.3d 736, 741–42 (6th Cir. 2011); *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002) (unpublished).[9] The court need not reach the question of whether mental incapacitation entitles a

---

[9] The Sixth Circuit has allowed equitable tolling in the non-habeas context when the plaintiff's *attorney* is so mentally incapacitated as to warrant such tolling. *See Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1179–80 (6th Cir. 1995). Ms. Holt has not argued, however, that her attorney was mentally incapacitated while the limitations periods were running in this case.

10

plaintiff to equitable tolling outside of the habeas context, because, even if it does, Ms. Holt's claim of mental incapacitation does not justify equitable tolling in this case.

To establish mental incapacitation warranting equitable tolling, Ms. Holt would have to show that "(1) [s]he is mentally incompetent and (2) h[er] mental incompetence caused h[er] failure to comply with [the] statute of limitations." *Ata*, 662 F.3d at 742. There is little precedent on how to apply this standard in the Sixth Circuit, but other circuits look to whether the plaintiff's disability is such that she is unable to manage her normal business or comprehend her legal rights or liabilities. *See, e.g.*, *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (finding the plaintiff's conclusory and vague claim that she suffers from "paranoia, panic attacks, and depression" insufficient to invoke equitable tolling, "without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights"); *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (indicating that, to warrant equitable tolling, the plaintiff's disability "must be 'of such a nature as to show [she] is unable to manage [her] business affairs or estate, or to comprehend [her] legal rights or liabilities'" (quoting *Decker v. Fink*, 422 A.2d 389, 392 (Md. 1980))); *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (recognizing equitable tolling based on the plaintiff's mental illness "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them"); *Nunnally v. MacCausland*, 996 F.2d 1, 5 (1st Cir. 1993) ("Equitable relief is denied if the plaintiff was able to engage in rational thought and deliberate decision making sufficient to pursue his claim alone or through counsel.").

Ms. Holt contends that she was unable to conduct *most* of her normal business, which is why she was taken off work by a mental health professional from whom she had sought

treatment.[10] On its own, this contention does not constitute the kind of "particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights" that would justify equitable tolling. *See Boos*, 201 F.3d at 185. Ms. Holt has failed to explain *how* her condition adversely affected her capacity to function generally, or for *how long* she was thus affected. And evidence in the record reflects that Ms. Holt *was* able to understand her legal rights during the time that the limitations period was running on her May 2013 Charge. It is undisputed that Ms. Holt was able to file the November 2013 Charge on a date that falls during the 90-day time period when the limitations period was running on her May 2013 Charge. Additionally, Ms. Holt's vague claim of emotional and mental distress is unsupported by any evidence in the record.[11] She presents no evidence regarding the nature or length of her emotional distress, no documentation of her assertion that she sought treatment by a mental health professional, and no evidence that the distress was so severe as to render her incapable of conducting her normal business activities. Ms. Holt has, therefore, failed to create any dispute of fact as to her mental incapacitation, and, accordingly, she is not entitled to equitable tolling on her claims.

## CONCLUSION

For the reasons discussed herein, Dickson's Motion for Partial Dismissal and Summary Judgment will be granted with respect to Ms. Holt's (1) Title VII and ADEA claims relating to

---

[10] The court notes that this statement is actually found only in Ms. Holt's briefing and is not properly supported by facts placed in the record, such as in an affidavit. Nevertheless, without dismissing those allegations based on procedure, for the reasons discussed herein, they remain insufficient to justify equitable tolling.

[11] For purposes of this analysis, the court will not consider as evidence Ms. Holt's conclusory statements that she "was unable to mentally appreciate the legal significance of filing a law suit," and that she was "mentally incapacitated." (Docket No. 22 at p. 3.)

Dickson's failure to promote her to the position of Deputy Clerk and (2) her THRA and §1983 claims. The motion will, however, be denied with respect to Ms. Holt's Title VII and ADEA claims relating to the alleged retaliation against her for filing the May 2013 Charge.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge